FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241, et. seq.

United States District Court
Southern District of Texas
FILED

AUG 2 1 2003

Michael N. Milby
Clerk of Court

B-03-148

Name: Eulalio Buenrostro

Prison Number: 11659-179

Place of Confinement: Eden, TX. 76837 - Eden Detention Center

United States District Court SOUTHERN District of TEXAS, BROWNSVILLE DIVISION

Case No. Civil Action No. B-03-113 / 1:03-CV-00113
(To be supplied by Clerk of U.S. District Court)

Eulalio Buenrostro                                       , PETITIONER
(Full name)

v.

United States of America                                 , RESPONDENT

(If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY

### INSTRUCTIONS -- READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten, signed by the petitioner and subscribed to under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any question use reverse side of sheet.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $_____, you must pay the filing fee as required by the rule of the district court.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petition as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is _United States District Clerk_ _Southern District Brownsville Texas Division_

(8) Petition which do not conform to these instructions will be returned with a notation as to the deficiency.

PETITION

1. Name and location of court which entered the judgment of conviction under attack _FEDERAL DISTRICT COURT, BROWNSVILLE, TX. 78520_

2. Date of judgment of conviction _03-18-2001_

3. Length of sentence _87 months_   Sentencing Judge _Hilda TAGLE_

4. Nature of offense or offenses for which you were convicted: (All counts)
   _21: 841 (A)(1) / (B)(1)(A); 18:2 Poss. with intent to distribute_
   _To distribute A Quantity exceeding 5 kilos, Approx. 6.34 kilos of Cocaine._

5. What was your plea? (check one)
   (a) Not guilty ( )
   (b) Guilty (✓)
   (c) Nolo Contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (check one)
   (a) Jury ( )
   (b) Judge only (✓)

7. Did you testify at the trial? Yes ( )   No (X)

8. Did you appeal from the judgment of conviction? Yes ( )   No (X)

9. If you did appeal, answer the following:
   (a) Name of court _N/A_
   (b) Result _____
   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes (✓)   No ( )

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court _United States District Court Southern Division of Texas, Brownsville Division_
        (2) Nature of proceeding _2255_
        (3) Grounds raised
            (1) _Mistake of my sentence_
            (2) _INEffective Counsel_
            (3) _ABERRANT BEHAVIOR_
            (4) _Disparate treatment received by virtue of Alien status represents a due process violation._

3

    (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No (✓)
    (5) Result __N/A__
    (6) Date of result _____
(b) As to any second petition, application or motion give the same information:
    (1) Name of court _____
    (2) Nature of proceeding _____
    (3) Grounds raised __N/A__

    (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No (✓)
    (5) Result __N/A__
    (6) Date of result _____
(c) As to any third petition, application or motion, give the same information:
    (1) Name of court _____
    (2) Nature of proceeding _____
    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No (✓)
    (5) Result __N/A__
    (6) Date of result _____
(d) Did you appeal to the highest court having jurisdiction the result of any action taken on any petition, application or motion?
    (1) First petition, etc.   Yes ( )   No (✓)
    (2) Second petition, etc.   Yes ( )   No ( )
    (3) Third petition, etc.   Yes ( )   No ( )
(e) If you did **not** appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

A. Ground one: Mistake of my sentence

Supporting FACTS (tell your story briefly without citing cases or law):
I recieved the saftey value, which it is only for people whom are not the leader or manager. I ended up at level 29. That was because I was enhanced 2 point for being labeled manager. I should have been sentenced at level 27. I request for the 2 point enhancement to be removed since I recieved the saftey value.

B. Ground two: Ineffective Counsel

Supporting FACTS (tell your story briefly without citing cases or law):
Trial counsel was ineffective in failing to seek a downward sentencing adjustment due to the collateral consequences of my conviction and confinement.

C. Ground three: Aberrant Behavior

Supporting FACTS (tell your story briefly without citing cases or law):
I participated with my co-defendant for a means of paying rent, bills, house necessities, car expenses, and childrens cloths. I also have a son diagnosed with a spinal disease. I was also having to travel and have expenses, stress. I am not a thug or a drug dealer. I am a law-abiding citizen. It was just a very bad choice I made in life. And very sincerly sorry for it.

D. Ground four: Alien status.

Supporting FACTS (tell your story briefly without citing cases or law):
The disparate treatment I recieve by virtue of my alien status represents a due process violation. At time of sentence the judge in my case recommended me to the drug program to get rehabilitated for my drug addiction. As any other citizen I request my one year credit. Since INS has a detainer on me I can not participate in the drug program. For those are BOP's policy.

5

13. If any of the grounds listed in 12A, B, C and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: N/A

14. If you did not file a motion under section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention;

   (a) N/A

   (b) 

   (c) 

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ( )   No (✓)

6

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing Raynaldo G. Garza Jr. III
        680 East Saint Charles, Brownsville, Tx 78520
    (b) At arraignment and plea _____
    (c) At trial _____
    (d) At sentencing ✓
    (e) On appeal _____
    (f) In any post-conviction proceeding _____
    (g) On appeal from any adverse ruling in a post-conviction proceeding _____

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ( )   No (✓)

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?   Yes ( )   No (✓)
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    (b) And give date and length of sentence to be served in the future: N/A
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   Yes ( )   No (✓)

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on Aug. 12, 2003
              (Date)

_____
(Signature)

_____
Signature of Attorney
(if any)

632-01540(

Re: Micheal N. Milby,

Dear Mr. Milby,

My name is Eulalio Buenrostro, I resently filed a U.S.C. § 2255. I recieved an envelope from your office telling me that it was denied becuase it was untimely barred. I do not contest that it was filed late. But what I do contest is that on the forms you sent back to me, it states that I made a plea agreement to conspiracy to possess with intent to distribute. I did not plea to conspiracy, I plea to possession with intent to distribute. Count 1 was drop, which was conspiracy.

Sir please forgive my language but every since I got arrested I have gotten nothing but screw. From my lawyer to the U.S. customs and my probation officer. My lawyer did not help me for nothing. He missed one of my court date. Didn't except my collect calls. Did not show me, my PSI until acouple of days before I got sentenced. And chosed to go on vacation, causing to postpone my sentence. The U.S. Customs found four bricks of cocaine, which even the dumbs of people know that a brick of cocaine equals to 1 kilo. But they put on the paper work that the bricks added upto approximately to 6.34 kilos. I don't know were the got there math skills but they need to study a little bit more. Did they even anilize the packages to find how much was cocaine base and how much was junk added to it. My Probation Officer put on my PSI that I recieved the saftey valve. Which is for minimal participation then turns around and takes 2 point away later labeling me the manager of the operation. There was no operation or enterprize it was just a one trafficking deal.

```
CSAD5   540*23  *           SENTENCE MONITORING              *      03-27-2003
PAGE 001         *           COMPUTATION DATA                 *      14:39:51
                             AS OF 03-27-2003

REGNO..: 11659-179 NAME: BUENROSTRO, EULALIO


FBI NO............: 301406MA8          DATE OF BIRTH: 07-28-1972
ARS1..............: CSA/A-DES
UNIT..............:                     QUARTERS.....:
DETAINERS.........: YES                 NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-05-2008 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: TEXAS, SOUTHERN DISTRICT
DOCKET NUMBER...................: 1:01CR00587-002
JUDGE...........................: TAGLE
DATE SENTENCED/PROBATION IMPOSED: 03-18-2002
DATE COMMITTED..................: 07-18-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


RESTITUTION...: PROPERTY:  NO   SERVICES:  NO        AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 381
OFF/CHG: 21:841(A)(1)/(B)(1)(A); 18:2 POSS W/INTENT TO DIST A QUANTITY
         EXCEEDING 5 KILOS, APPROX 6.34 KILOS, OF COCAINE

SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    87 MONTHS
TERM OF SUPERVISION.............:     5 YEARS
DATE OF OFFENSE.................: 11-10-2001
```





RECEIVED MAR 3 1

```
G0002           MORE PAGES TO FOLLOW . . .
```

ὐ 245B    (Rev. 3/01) Judgment in a Criminal Case
         Sheet 1

United States District Court
Southern District of Texas
FILED

MAR 27 2002

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Brownsville

UNITED STATES OF AMERICA
v.
**EULALIO BUENROSTRO**

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:01CR00587-002**

REYNALDO G. GARZA, III
Defendant's Attorney

☐ See Additional Aliases sheet.

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    2 on 12/12/01
☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.
☐ was found guilty on count(s) _____
   after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 1 U.S.C. §§ 841(a)(1), 41(b)(1)(A), and 18 U.S.C. § 2 | Possession with Intent to Distribute a Quantity Exceeding Five (5) Kilograms, that is, Approximately 6.34 Kilograms (13.64 Pounds), Gross Weight, of Cocaine, a Schedule II Controlled Substance | 11/10/01 | 2 |

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By_____
                Deputy Clerk

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) 1    ☒ is  ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 07/28/72
Defendant's USM No.: 11659-179
Defendant's Residence Address:
300 East Robertson No. 16
San Benito, Texas 78586

Defendant's Mailing Address:
300 East Robertson No. 16
San Benito, Texas 78586

03/18/02
Date of Imposition of Judgment

_____
Signature of Judicial Officer

**HILDA G. TAGLE**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

3/27/02
Date

WRS (erb)

245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 2 -- Imprisonment

Judgment -- Page 2 of 5

EFENDANT: **EULALIO BUENROSTRO**
ASE NUMBER: **1:01CR00587-002**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a tal term of _____**87 months.**_____

☐ See Additional Imprisonment Terms.

☐ The court makes the following recommendations to the Bureau of Prisons:
The defendant participate in a drug treatment program while incarcerated.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 pm on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

GROUND FOUR

Eulalio Buenrostro
Reg. No. 11659-179
Eden Detention Center
P.O. Box 605
Eden Texas 76837

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | CASE NO. |
| ) | | |
| PLAINTIFF, ) | | |
| ) | | MOTION FOR REDUCTION |
| vs. ) | | OF SENTENCE PURSUANT |
| ) | | TO 28 U.S.C. 2241. |
| EULALIO BUENROSTRO, ) | | |
| ) | | |
| DEFENDANT. ) | | |
| ) | | |

INTRODUCTION

Comes now defendant EULALIO BUENROSTRO and respectfully moves this Honorable Court pursuant to 28 U.S.C. § 2241 to reduce my sentence by 2 points.

I justify this downward departure on grounds that counsel failed to argue that defendant's ineligibility for minimum security confindment, drug program, and pre-release custudy as a result of my status as a deportable alien constitutes significant mitigating factors that should have been considered by the sentencing court.

I assert that the disparate sentences that result between an alien and an American inmate as a consequence of immigration detainers lodged automatically in an alien's Bureau of Prisons (BOP) file constitutes a violation of equal protection under the law. Constitution Amendment 14.

## STATEMENT OF THE FACTS

Defendant is a native of Mexico, a lawful permanent resident alien since 1979. On March of 2002, Defendant pled guilty to charges of controlled substance violation pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. Defendant thus became automatically deportable pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101 (a)(43).

The pre-sentence report (PSI) clearly states that Defendant could be deported as a result of his conviction., and counsel was well aware that Defendant was an alien. In spite of this, counsel fails to raise the issue of deportability as a mitigating circumstance at sentencing. Defendant claims that this prejudicial omission by counsel constitutes a performance below accepted professional standards which warrant resentencing.

## LAW AND ARGUMENT

1. Prejudicial Error

Pursuant to United States v. Gaither, 1 F.3d. 1040 (10th Cir 1993), trial courts may properly depart from sentencing guildline if Sentencing Commission did not account for mitigating factors. In United States v. Smith, 27 F. 3d 649 (D.C. 1994)(the defendant's ineligibility for pre-release custody and minimum security confinement as a result of his status as a deportable alien constituted a mitigation factor to be considered by the trial court) See also United States v. White, 71 F. 3d. 920,922 (1995)(trial court granted defendant six months downward departure in accordance with Smith because defendant was an alien and accepted deportation, giving up his right to appeal,) and United States v. Agu 763 F. Supp. 703 (1991)(Trial court departed downward to account for mitigating circumstances stemming from consequences of alien

defendant's accepting deportation).

The United States Sentencing Commission did not consider that the impact of a defendants status as a deportable alien would beget him harsher treatment by the Bureau of Prisons. U.S. v. Anderson, 82 F.3d 436,439 (D.C. Cir. 1996). In citing U.S. v. Smith, 27 F.3d 649(D.C. Cir. 1994), the Anderson court said:

> "In that case, holding that a downward departure was permissible where defendant would serve his sentence under harsher conditions solely becuase he a deportable alien, neither the majority nor the dissent could find any suggestion that the Commission had cosidered that circumstances at all in establishing the guildlines."

ANDERSON, 82 F.3d at 438.

In Smith the court carefully analyzed the Bureau of Prisons approach to determining whether a deportable alien may be eligible for 'community confinement' (HALFWAY HOUSE)for the last ten percent of his sentence and whether he might be designated to a minimum security facility defore the last ten percent of his sentence Smith, 27 F.3d at 654. The court concluded that a downward departure may be appropriate if the defendant's status as a deportable alien is likely to cause him to be precluded from these benefits. Id. at 655.

The Bureau of Prisons policy on the matter allows assignment to a minimum security prison or community correction center for deportable aliens who have a history of strong family or community ties, of domicile in the U.S. of five years or more, and stable employment. Program Statement 5100.04: Security Designation and Custody Classification Manual, Ch. 2-9 Id. at 655. The Bureau

of Prisons applies the same criteria to its determination as to whether an alien is eligible for minimum security facility. Id. at 654.

The 9th Circuit has held that the fact of deportability, without more, is insufficient to warrant a downward departure under U.S.S.G. § 5K2.0. U.S. v. Cubillos, 91 F.3d 1342 (9th Cir. 1996). It further held that "the district courts must make a refined assessment of the many facts bearing on the outcome." Id. @ 1345. Defendant takes the position that the circumstances described in the next section warranted that counsel argue for, and the court consider at sentencing, the effects of his mandatory INS detainer on Defendant's incarceration.

II. Ineffective Counsel   Ground Two.                    GROUND TWO

Clains of ineffectivity of counsel's errors or omissions constituted a failure to exercise the skill and judgment of a reasonably competent attorney, and that counsel's deficient performance prejudiced Defendant. Strickand v. Washington, 466 U.S. 668, 686 (1984).

In the instant case, counsel was aware that Defendant was as alien. Defendant speaks English.

Further, as stated above, the PSI makes it clear that Defendant is subject to deportation. Counsel received the PSI at least 10 days prior to the day of sentencing. Furthermore, Counsel did not except collect calls for Defendant and Counsel chose to go on vacation the week of Defendant's sentencing causing delay. Counsel also told Defendant the he could be deported as a result of his conviction. Dispite these flags, counsel inexplicably fails to raise deportability as a mitigating factor at sentencing or to advise Defendant of this form of relief.

This is even mor perplexing in the light of the Attorney General's Sentencing Memorandum to all U.S. attorneys dated April 28, 1995, authorizing prosecutors to agree to recommend a one or two level downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability. The Attorney General concedes that 'such downward departure is Justified on the basis that it is conduct not contemplated by the guildline. See U.S.S.G. § 5K2.0.' App. A at page 2. Counsel failed to raise this matter with the U.S. Attorney's Office during plea negotiations, thus inexplicably and gratuitously forfeiting this bargaining chip to Defendant's detriment.

This would not be so bad were it not for Defendant's further ineligibility for BOP early release programs. Defendant is now redered ineligible to participate in the Drug Rehabilitation Program as well. 18U.S.C. § 3621. Successful candidates typically obtain up to 1 year reduction in sentence upon completion of the course.

Defendant's disqualification for community supervised "after care" as a result of my immigration detainer renders me ineligible for this program. 18U.S.C. § 3621 (e).

Defendant is further barred from qualifying for early release pursuant to 18 U.S.C. § 3624 (C), a program which enables the prisoner to be phased into the community up to six months prior to my release date.

As an example of how these benefits create sentencing disparities, Defendant illustrates the following case: an American sentenced to 60 months for a drug offense is eligible for a maximum reduction in his sentence of 1 year drug program and 6 mo. halfway house. Without considering

without considering Good Conduct Time credits, which is common to all imates, the American is out on the streets a year and a-half earlier than his alien counterpart. This disparate treatment is, undeserved and Constitutes a violation of equal protection of the law. Constitution Amendment 14.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Honorable Court grant me in total 5 points downward departure from my sentence.

1. Errornous of Saftey Valve
2. Ineffective Counsel
3. Aberrant Behavior
4. Alien Status Violation

Respectfully submitted this  15  day of  August  of 2003.

EULALIO BUENROSTRO

Safety Valve

Ground one: Cite as 105 F.3d 1460 (D.C.Cir.1997)

1. Criminal Law --1139,1158(1)

When reviewing propriety of destrict court's refusal to sentence under safety valve provision of Sentencing Guidelines, district court's legal conclusions are reviewed de novo' its factual findind under clearly erroneous standard, and its application of Sentencing Guidelines to facts with due deference. 18 U.S.C.A.§ 3742(e).

4. Drugs and Narcotics --133

Basic purpose of safety valve provision of Sentencing Guidelines, providing exception to mandatory minimum sentences for drug trafficking offenses by least culpable offenders, is to spare minor participants in drug trafficking enterprises from mandatory sentences that would be disproportionate to defendant's culpability. U.S.S.G.§ 1B1.3(a)(1)(B), 18 U.S.C.A.

Acting to prevent the mandatory minimum sentences for certain drug trafficking offenses from causing the "least culpable offenders (to) receive the same sentences as their relatively more culpable counterparts," H.R.Rep. No.103-460, at 4 (1994), Congress added the so-called "safety valve"provision to the Sentencing Guidelines in 1994, Mandatory minimum Sentencing Reform Act of 1994, Pub.L. No.103-322, Tit. VIII, 108 Stat. 1796, 1895-96 (condified at 18 U.A.X. §3553(f). The safety valve requires district courts to disregard these statutory minimum sentences and instead to sentence pursuant to the Guidelines when a defendant satisfies five indicators of reduced culpability:1) the defendant has no more than one criminal history point; 2) the defendant "did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense"; 3) the offense did not result in death or serious bodily injury; 4) the defendant was not a leader or organizer of the offense; and 5) the defendant has fully cooperated with the government. U.S.S.G. § 5C1.2 (1995); 18 U.S.C. §3553(f)(2).

Aberrant Behavior

Ground three: Cite as 105 F.3d 426 (8th Cir. 1997)

1 Criminal Law -- 1301

Under Koon decision defining proper analysis for making departure decision under Sentencing Guidelines, "aberrant behavior" in general is unmentioned factor, and task for sentencing court is to analyze how and why specific conduct is allegedly aberrant, and whether guidelines adequately take into account aspects of defendant's conduct that are in fact aberrant. U.S.S.G.§ 5K2.0,p.s., 18 U.S.C.A.

2. Criminal Law --1263

Under Koon decision definding proper analysis for making departure decisions under Sentencing Lines, when sentencing court deals with unmentioned potential departure factor such as alleged aberrant behavior, court is to consider structure and theory of both relevant individual guidelines and guidelines taken as a whole. U.S.S.G.§ 5K2.0,p.s., 18 U.S.C.A.

Continue: Cite as 266 F.3d. 228 (3rd Cir. 2001)

[1] In relevent part, the text of 5K2.20, which became effective on November 1, 2000, provides as follows:

Asentence below the applicable guideline range may be warranted in an extra ordinary case if the defendant's criminal conduct constituted aberrant behavior.....

Commentary

Application Notes:

1. For purpose of this policy statement-"Aberrant behavior" means a single criminal occurrence or single criminal transaction that (A) was committed with out significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an other-wise law-abiding life.....

2. In determining whether the court should depart on the basis of aberrant behavior, the court may consider the defentant's (A) mental and emotional conditions: (B) employment record; (C) record of prior good works; (D) motivation

for committing the offense; and (E) efforts to mitigate the effects of the offense.

The Commission then defined "aberrant behavior" in Application Note 1 to mean "a single criminal occurence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration ; and (C) represents a marked deviation by the defendant from an other-wise law-abiding life." The commission explained that its definition was more flexible than the interpretations given by the circuits and attempted to provide guidance and limitations regarding what could be considered such behavior. See U.S. Sentencing Guidelines Manual, supp. app. C, amend. 603, at 78-79 (2000). At the same time, it declined to adopt a "totality of the circumstances" approach and belived that the guideline would not broadly expand departures for aberrant behavior. See id. at 79.